MICHAEL R. GOFFER, ESQUIRE
LAW OFFICES OF GOFFER & CIMINI
1603 Monsey Avenue
Scranton, PA 18509
Phone: 570-342-3207
Fax: 570-342-8178
Gofferlaw@aol.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY GREENFIELD<br>Plaintiff | CIVIL ACTION - LAW |
| vs. | |
| THE CITY OF SCRANTON<br>Defendant | JURY TRIAL DEMANDED |
| | Docket No.: |

**COMPLAINT**

NOW COMES the Plaintiff Larry Greenfield, by and through his counsel, The Law Offices of Goffer & Cimini, hereby respectfully avers as follows:

1. The Plaintiff initiates this action to seek redress against the Defendant, his employer, for unlawful discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and Pennsylvania Human Relations

Act ("PHRA").

## PARTIES

2. The Plaintiff Larry Greenfield is an adult and competent individual residing at 2923 Penman Street, Scranton, PA 18505.

3. The Defendant, City of Scranton is a government unit with a principal place of business at 340 N. Washington Ave., Scranton, PA 18503.

4. At all times relevant hereto, the Defendant acted by and through its agents, servants and employees, each of whom, at all times relevant here to acted within the scope of their job duties.

5. The Defendant is an employer within the meaning of the ADEA as it is a political subdivision in the State of Pennsylvania.

6. The Defendant is an employer within the meaning of the PHRA.

## JURISDICTION AND VENUE

7. Plaintiff incorporates herein by reference paragraphs 1 through 6 above are incorporated herein by reference as if the same were set forth fully herein and at length.

8. The United States District Court for the Middle District of Pennsylvania may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. 1331 and 1343(a)(4) because Plaintiffs claim arises under the laws of the United States and seeks redress for violations of civil rights.

9. This Court may also maintain supplemental jurisdiction over state law claims set

forth herein pursuant to 28 U.S.C. 1367(a) and Rule 18 (a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

10. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. 1391 (b)(1) and 1391 (b)(2) because the Defendant is located in and conducts business in the Middle District and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in the Middle District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates herein by reference paragraphs 1 through 10 above as if the same were set forth fully herein and at length.

12. On or about August 4, 2023, Plaintiff timely dual filed a Complaint with the Pennsylvania Human Relations Commission(PHRC) and the Equal Employment Opportunity Commission(EEOC) alleging age discrimination under the ADEA and the PHRA.

13. Subsequently, on March 22, 2024, EEOC issued a Notice of Right to Sue, a copy of which is attached hereto and incorporated herein as Exhibit "A".

14. The instant action is timely because it was initiated within ninety (90) days of receipt of the EEOC Notice of Right to Sue.

15. The Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## FACTS

16. Plaintiff incorporates herein by reference paragraphs 1 through 15 above are incorporated herein by reference as if the same were set forth fully herein and at length.

17. The Plaintiff, Larry Greenfield, was born December1, 1972 and was at all relevant times over the age of 40.

18. In February 2004, the Plaintiff began working for the City of Scranton as a full-time police officer.

19. During the Plaintiff's tenure as a police officer for the Defendant, the Plaintiff performed his work in a exemplary fashion.

20. Beginning in December 2022, the Plaintiff took the civil service test for the Detective position and for the Crime Scene Investigator.

21. The Plaintiff scored second in the Civil Service test for the Detective Position and Crime Scene Investigator of all individuals taking the Civil Service test.

22. For the Detective position, Officer Francis McLane was number one on the test followed by the Plaintiff, an opening for the Detective position was filled by Officer McLane and the Plaintiff became the number one position on the Civil Service Test.

23. The Plaintiff now being in the number one spot for the next Detective position, expected based upon his score and exemplary career to be selected for the next opening, however, Plaintiff was past over and the number three scorer Melissa

Forsette was selected who was seven years younger than the Plaintiff.

24. After the number three scorer of the Civil Service Exam was selected for Detective, the Plaintiff was still number one on the list, however, when another position in the Detective department opened the number four scorer Kyle Gilmartin was selected who was substantially younger than the Plaintiff.

25. In regard to the Crime Scene Investigator position the Plaintiff was the number two scorer and when a position opened in that area Officer Paul Tomczyk was selected and the Plaintiff moved to the number one scorer.

26. The Plaintiff, now in the number one spot for Crime Scene Investigator position expected based upon his score and his exemplary career, to be selected, however, Officer William Turner a much younger officer was selected.

27. Then again, the Plaintiff fully expected to be selected for the next spot as a Crime Scene Investigator, however he again was passed over for a younger police officer.

28. The Plaintiff at this point asks Scranton Police Chief Thomas Carroll of why he was being passed over for these promotions, Chief Carroll responded " it's becoming a younger department" at that point in time the Plaintiff was 50 years old.

## COUNT I

## ADEA

29. Plaintiff incorporates herein by reference paragraphs 1 through 28 above are incorporated herein by reference as if the same were set forth fully herein and at length.

30. By virtue of his age, fifty(50), Plaintiff is in the class of persons protected by the Age Discrimination in Employment Act of 1967.

31. Plaintiff was at all times relevant hereto qualified for his position as a regular police officer and was more than qualified by the scores of the civil service test.

32. The Defendant's age-related bias is demonstrated by being passed over for the Detective and Crime Scene Investigator positions with younger officers.

33. The Defendant's age-related bias is further confirmed by Chief Carroll's statement that this is a younger department.

34. The foregoing conduct constitutes unlawful age-based discrimination against the Plaintiff.

35. As a result of the Defendant's unlawful discrimination, the Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, the Plaintiff, Larry Greenfield, respectfully requests this Honorable Court enter judgment in his favor and against the Defendant and enter an Order as follows:

    a. Defendant is permanently enjoined from discriminating against the Plaintiff and others based on age in violation of the ADEA and the PHRA;

    b. Defendant is to compensate Plaintiff and make Plaintiff whole for any and all pay and benefits that he would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority;

    c. Plaintiff should be accorded those benefits illegally withheld from the date he first

suffered discrimination at the hands of the Defendant;

d. Plaintiff is to be awarded actual damages, as well as damages for pain, suffering and humiliation caused by the Defendant's actions;

e. Plaintiff is to be awarded double damages pursuant to 29 U.S.C. 626(b) for a willful violation of the ADEA;

f. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or a trier of fact to be appropriate to punish the Defendant for willful, deliberate, malicious, and outrageous conduct and to deter the Defendant or any other employer from engaging in this similar misconduct in the future;

g. Plaintiff is to be awarded the cost and expenses of this action and reasonable attorney's fees as provided by the applicable Federal and State law;

h. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure the Defendant does not engage in or ceases engaging in illegal retaliation against the Plaintiff or other witnesses to this action.

## COUNT II

## AGE DISCRIMINATION UNDER THE PENNSYLVANIA HUMAND RELATIONS ACT

36. Plaintiff incorporates herein by reference paragraphs 1 through 36 above are incorporated herein by reference as is the same were set forth fully herein and at length.

37. Based on the facts set forth above, Plaintiff alleges that the Defendant violated 5 (d) of the Pennsylvania Human Relations Act, 43 P.S. 951-963 relating to age discrimination.

**WHEREFORE,** Plaintiff respectfully requests the Court enter judgment in his favor and against the Defendant and enter an Order as follows:

   a. Defendant is permanently enjoined from discriminating against the Plaintiff and others based on age in violation of the ADEA and the PHRA;

   b. Defendant is to compensate Plaintiff and make Plaintiff whole for any and all pay and benefits that he would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and Seniority;

   c. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of the Defendant;

   d. Plaintiff is to be awarded actual damages, as well as damages for pain, suffering and humiliation caused by the Defendant's actions;

   e. Plaintiff is to be awarded the cost and expenses of this action and reasonable attorney's fees as provided by the applicable Federal and State law;

   f. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure the Defendant does not engage in or ceases engaging in illegal retaliation against the Plaintiff or other witnesses to this action.

Dated:   April 9, 2024           Respectfully Submitted,

LAW OFFICES OF GOFFER & CIMINI

_____
Michael R. Goffer, Esquire
**Attorney for the Plaintiff**

# EXHIBIT A