## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LARRY GREENFIELD            :
                            :
                            :
                            :
            Plaintiff,      :    3:24-cv-00682
                            :    (JUDGE MARIANI)
    v.                      :
                            :
THE CITY OF SCRANTON        :
                            :
            Defendant.      :

### MEMORANDUM OPINION

Presently before the Court is Defendant's partial motion to dismiss. (Doc. 12). For the reasons that follow, Defendant's motion will be denied.

### I.    INTRODUCTION AND PROCEDURAL HISTORY

On or about August 4, 2023, Plaintiff "timely dual filed a Complaint with the Pennsylvania Human Relations Commission (PHRC) and the Equal Employment Opportunity Commission (EEOC)." (Doc. 11 at ¶ 12). The Complaint alleges age discrimination under the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). (*Id.*). On March 22, 2024, the EEOC issued to Plaintiff a Notice of Right to Sue.[1] (*Id.* at ¶ 13).

---

[1]    Attached to the Complaint as Exhibit A is the March 22, 2024, EEOC Notice of Right to Sue. (Doc. 11 at 10-14). Attached to the Complaint as Exhibit B is a printout entitled "Inquiry Information," which appears to contain Plaintiff's information filed with the EEOC. (*Id.* at 15-18). Exhibit C is an Employment Intake Questionnaire with the PHRC. (*Id.* at 19-21).

Plaintiff filed a Complaint with this Court on April 22, 2024, (Doc. 1), which was amended on August 28, 2024. (Doc. 11). On September 11, 2024, Defendant filed its partial motion to dismiss. (Doc. 12).

## II.    FACTUAL BACKGROUND

Plaintiff's Complaint alleges the following facts:

Plaintiff Larry Greenfield "was born December 1, 1972, and was at all relevant times over the age of 40." (Doc. 11 at ¶ 17). In February 2004, Plaintiff began working for the Defendant City of Scranton as a full-time police officer.[2] (*Id.* at ¶ 18). "During the Plaintiff's tenure as a police officer for the Defendant, the Plaintiff performed his work in an exemplary fashion." (*Id.* at ¶ 19). Beginning in December 2022, Plaintiff "took the civil service test for the Detective position and for the Crime Scene Investigator" position. (*Id.* at ¶ 20). "The Plaintiff scored second in the Civil Service test for the Detective Position and Crime Scene Investigator of all individuals taking the Civil Service test." (*Id.* at ¶ 21).

"For the Detective position, Officer Francis McLane was number one on the test followed by the Plaintiff." (*Id.* at ¶ 22). The open Detective position was filled by Officer McLane, moving Plaintiff to "the number one position on the Civil Service Test." (*Id.*). Plaintiff, "now being in the number one spot for the next Detective position, expected based

---

[2]    "At all times relevant hereto, Defendant acted by and through its agents, servants and employees, each of whom, at all times relevant here [sic] acted within the scope of their job duties." (Doc. 11 at ¶ 4). The Defendant is an employer within the meaning of the ADEA and PHRA "as it is a political subdivision in the State of Pennsylvania." (*Id.* at ¶¶ 5-6).

upon his score and exemplary career to be selected for the next opening, however, Plaintiff was past over and the number three scorer Melissa Forsette was selected who was seven years younger than the Plaintiff." (*Id.* at ¶ 23). After Officer Forsette was selected for the Detective position, "Plaintiff was still number one on the list, however, when another position in the Detective department opened the number four scorer, Kyle Gilmartin was selected who was substantially younger than Plaintiff." (*Id.* at ¶ 24).

Plaintiff was the number two scorer for the position of Crime Scene Investigator. (*Id.* at ¶ 25). When a position opened in that area, "Officer Paul Tomczyk was selected and the Plaintiff moved to the number one scorer." (*Id.*). "The Plaintiff, now in the number one spot for [the] Crime Scene Investigator position expected based upon his score and his exemplary career to be selected, however, Officer William Turner a much younger officer was selected." (*Id.* at ¶ 26). Plaintiff subsequently asked Scranton Police Chief Thomas Carroll why he was being passed over for these promotions, Chief Carroll responded, "it's becoming a younger department." (*Id.* at ¶ 28). At that time Plaintiff was 50 years old. (*Id.*).

### III.    <u>STANDARD OF REVIEW</u>

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations,

alterations, and quotations marks omitted).  A court "take[s] as true all the factual allegations

in the Complaint and the reasonable inferences that can be drawn from those facts, but . . .

disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707

F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted).

Thus, "the presumption of truth attaches only to those allegations for which there is

sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President*

*of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S.

at 679).  "Conclusory assertions of fact and legal conclusions are not entitled to the same

presumption." *Id*.

"Although the plausibility standard 'does not impose a probability requirement,' it

does require a pleading to show 'more than a sheer possibility that a defendant has acted

unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal

citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at

678).  "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Id.* at 786-87 (quoting *Iqbal,* 556 U.S. 679).

"To decide a motion to dismiss, courts generally consider only the allegations contained the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *accord Levins v. Healthcare Revenue Recovery Grp.,* 902 F.3d 274, 279 (3d Cir. 2018).  In addition, "a court may consider an undisputedly authentic document that the defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document." *Pension Benefit Guar. Corp.,* 998 F.2d at 1196.

The Third Circuit "permits a limitations defense to be raised by a motion under Rule 12(b)(6) only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal citation and quotation marks omitted).  "However, if the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.* (internal citation and quotation marks omitted).

## IV.   ANALYSIS

Defendant seeks partial dismissal of Plaintiff's Complaint.  (Doc. 12).  Specifically, Defendant ask this Court to dismiss Count II alleging a violation of the PHRA because such claim is untimely.  (Doc. 14 at 5-8).  In his brief in opposition, Plaintiff does not squarely

address the issue of whether his PHRA claim is timely under applicable law. (Doc. 15).

Rather, Plaintiff correctly points out that exhaustion under the PHRA "is not, however, a

jurisdictional prerequisite to suit in federal court, and like a statute of limitations defense is

subject to waiver, estoppel, and equitable tolling." (*Id.* at 4). Plaintiff next claims:

> In light of the above, it is undisputed that Plaintiff filed with the PHRC on August 4, 2023, it is also undisputed that the PHRC has exclusively authority for one year. It is also clear that the Plaintiff has one year to file from August 4, 2023. The Plaintiff in this matter has timely filed the Complaint on April 4, 2024, well within the year as required.

(*Id.* at 4-5).

The Court must initially determine the documents it may rely on in deciding

Defendant's motion to dismiss. The Court may properly consider the documents attached

to Plaintiff's Complaint. *Levins*, 902 F.3d at 279; *Pension Benefit Guar. Corp.*, 998 F.2d at

1196. Defendant asks this Court to consider an undated printout purportedly from the City

of Scranton's website attached to its motion to dismiss in an apparent effort to show that

Plaintiff's PHRA claim is untimely. (Doc 12-1). However, the Court may not consider this

document at this stage of the proceeding because it is not undisputably authentic, and the

press release is not integral to Plaintiff's complaint.[3] *See Schmidt*, 770 F.3d at 249 (press

---

[3]  The Court recognizes that the exhibit attached to Defendant's motion appears to show a photograph dated December 16, 2022, on the City of Scranton's website. (Doc. 12-1 at 2). The photograph contains the following caption: "On Friday December 16, 2022, The Honorable Paige Cognetti and Police Chief Thomas F. Carroll announced promotions for the following individuals . . . Francis McLane to Detective, Melissa Forsette to Detective, Paul Tomcyzk to Detective, William Turner to BCI Detective, Kyle Gilmartin to Detective." (*Id.*). Notably, each of the promoted individuals are named in the Complaint. Moreover, Plaintiff alleges that each of the promoted individuals were promoted over him due to age discrimination.

releases "are not integral to the complaint—the complaint was not based upon press releases"). Accordingly, the Court will not consider Defendant's exhibit in deciding this motion.

Having concluded that the Court may not consider the press release attached to Defendant's motion to dismiss, the next question is whether Plaintiff's PHRA claim is timely. "To bring suit under the PHRA, an administrative complaint must first be filed with the PHRC within 180 days of the alleged act of discrimination." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. 2013). Courts in Pennsylvania strictly construe this provision of the PHRA. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997) (explaining that "Pennsylvania courts have strictly interpreted this requirement and have repeatedly held that persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized by the Act.") (internal citation and quotation marks omitted).

Plaintiff's Complaint, and the exhibits attached thereto, alleges several acts of age discrimination "beginning in December 2022" concerning the Defendant's failure to promote him on several occasions. (Doc. 11 at ¶¶ 20-26). The law treats the failure to promote as a discrete discriminatory act. *See Mandel*, 706 F.3d at 165 ("A discrete act in itself constitutes a separate actionable unlawful employment practice. Discrete acts include, for example, termination, failure to promote, denial of transfer, or refusal to hire.") (internal citation and quotation marks omitted). Accordingly, to be timely under the PHRA, Plaintiff must have

filed an administrative complaint with the PHRC within 180 days of the last alleged

discriminatory act.[4]  *Id.*

      Here, it is not apparent to the Court from the face of Plaintiff's Complaint and the

exhibits attached thereto that Plaintiff's PHRA claim is untimely.  Although Defendant is

correct that certain exhibits attached to the Complaint identify the last date of discrimination

as December 9, 2022, *see* Doc 11 at 20, other exhibits state the "date of the incident" as

June 28, 2023.[5]  (*Id.* at 17).   Moreover, the principal defect in Defendant's argument is that

it presumes that all acts of age discrimination occurred in December 2022.  Although

Plaintiff does not provide specific dates of the alleged age discrimination with respect to

each officer who was promoted over him, the fact that Plaintiff's Exhibit B, which was

submitted to the EEOC, identified the "date of incident" as June 28, 2023, counsels against

dismissing Plaintiff's PHRA claim at this stage of the proceeding.  Under *Twombly* and

*Iqbal*, the Court must accept all plausible non-conclusory factual allegations as true.  Having

done so, the Court cannot conclude at this stage that Plaintiff's PHRA claim is untimely.

Plaintiff's Complaint plausibly alleges age discrimination in violation of the PHRA and

---

[4]     Plaintiff reliance on *Tlush v. Manufactures Resource Center*, 315 F. Supp. 2d. 650 (E.D. Pa, 2002), to support his argument that his PHRA claim is timely because the PHRC had "exclusive jurisdiction over claims for a period of one year" is misguided.  As Defendant correctly notes, "[w]hile it is true that Plaintiff had one year from August 4, 2023, to file a Complaint with this Honorable Court, that does not relieve Plaintiff of his obligation to file an administrative complaint with the PHRC within 180 days of the alleged discriminatory act for his PHRA claim to survive." (Doc. 16 at 3).  Plaintiff appears to be conflating the issue of timely filing of the Complaint in this Court with timely filing an administrative complaint with the PHRC.

[5]     Moreover, Exhibit C to the Amended Complaint, (Doc. 11 at 20), shows that Plaintiff has alleged a continuing violation beginning on December 9, 2022.

discovery should reveal whether Plaintiff's PHRA claim is in fact timely.    Accordingly,

Defendant's partial motion to dismiss will be denied.

## V.    CONCLUSION

For the foregoing reasons, Defendant's partial motion to dismiss will be denied.  A

separate order follows.


Robert D. Mariani
United States District Judge